IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Billy Roy Boyd, #349065, | ) | Case No. 1:19-03053-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| Donnie Stonebreaker, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Billy Roy Boyd, an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections, filed this pro se habeas petition pursuant to 28 U.S.C. § 2254 on October 28, 2019. ECF No. 1. Respondent filed a motion for summary judgment on April 2, 2020, ECF No. 24, and Petitioner filed a response in opposition and his own motion for summary judgment on August 7, 2020, ECF Nos. 36, 38.[1] After the Respondent's motion for summary judgment and the Petitioner's response, Petitioner filed a motion to amend or correct his petition on September 9, 2020. ECF No. 44. This matter is now before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 46. In the Report, the Magistrate Judge recommends that this Court grant Respondent's motion for summary judgment, and deny Petitioner's motion for summary judgment and his motion to

---

[1] As noted in the Report, Petitioner's response in opposition and motion for summary judgment were filed on the same day and appear identical.

1

amend. *Id.* at 49. Petitioner filed objections to the Report on March 4, 2021. ECF No. 59. The objections are set forth in a filing that exceeds 100 pages and those objections have been carefully considered by this Court. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Petitioner's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law in detail and sets forth a

thorough analysis of the relevant issues.[2] For the reasons stated in the Report, this Court accepts the conclusion of the Magistrate Judge. After careful consideration, **IT IS ORDERED** that the Report, ECF No. 46, is **ACCEPTED**, and the Petitioner's objections, ECF No. 59, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 24, is **GRANTED** and Petitioner's motions, ECF Nos. 36 and 44, are **DENIED**.[3] The Petition, ECF No. 1, is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[2] The Magistrate Judge determined that Petitioner's Ground 3 was procedurally barred. ECF No. 46 at 20-23. The Magistrate Judge considered all other grounds on the merits. As to the procedural bar, the Court has reviewed *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009) and *Marlar v. South Carolina*, 375 S.C. 407, 653 S.E.2d 266 (2007), and concludes that the Fourth Circuit has recognized that Rule 59(e) is now being consistently applied in light of *Marlar*.

[3] As to Petitioner's motion to amend, the Court has reviewed the record and relevant filings and finds that the Magistrate Judge is correct in stating that the additional grounds Petitioner is attempting to raise would be procedurally barred because he failed to raise them in state court on direct appeal to the Court of Appeals, to the PCR Court, or to the Supreme Court.

IT IS SO ORDERED.

                                         *s/ Terry L. Wooten*
                                         Terry L. Wooten
                                         Chief United States District Judge

March 26, 2021
Columbia, South Carolina